IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ALBERT W. MCDANIELS, | ) |
| Plaintiff, | ) |
| v. | ) CV 108-110 |
| RONALD STRENGTH, Sheriff; WILLIAM E. JOHNSON, Major; MS. TURNER, Deputy Jailor; CAROLINE LEE, Director of Nursing; and C.M.S., Contract Medical Staff at Richmond County Jail, | ) |
| Defendants. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 11). The Magistrate Judge recommended that Defendants Strength, Johnson, C.M.S. and Turner, as well as Plaintiff's claims of deliberate indifference to his safety, the general conditions of confinement, and discrimination, be **DISMISSED** from the case.[1] (Doc. no.7).

In his objections, Plaintiff argues that Defendants Strength and Johnson should not be dismissed because Plaintiff has 'evidence that will in fact show and prove a 'causal

---

[1]The Magistrate Judge recommend dismissal of Defendants Strength and Johnson because Plaintiff failed to show that they, in their supervisory capacities, actually participated in the alleged constitutional violation. (Doc. no. 7, pp. 11-12). Plaintiff also failed to show a causal connection between the actions of the these Defendants and the alleged constitutional violation. (Id.).

connection.'" (Id. at 2). In support of this argument, Plaintiff maintains that if he had copies of grievances he filed, he would be able to prove that these Defendants had notice that Plaintiff's constitutional rights were being violated. (Id.). Additionally, Plaintiff claims that if his "Motion for Discovery" (doc. no. 10) were to be granted, he "strongly believe[s] it will show that the above named defendants were in fact 'aware' and therefore 'knew' that [his] constitutional rights were and are being violated." (Id.).

Although, Plaintiff provides these statements that he has evidence, or will have evidence, that Defendants Strength and Johnson had knowledge of the purported constitutional violations, he does not submit any such evidence. Additionally, alleging that he filed grievances and appeals with Defendants Strength and Johnson does not satisfy the burden of putting a supervisor on notice of a widespread problem or otherwise show that the supervisor was directly involved with Plaintiff's alleged claims. Cf. Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

To the extent Plaintiff argues that Defendants Strength and Johnson were involved in implementing jail policies, specifically the segregation of the HIV-AID positive inmates, as noted by the Magistrate Judge, the Eleventh Circuit has held that this procedure does not violate a prisoner's constitutional rights. (Doc. no. 7, p. 7) (citing Harris v. Thigpen, 941 F.2d 1495 (11th Cir. 1991)). Accordingly, Plaintiff's objections concerning the dismissal of Defendants Strength and Johnson are **OVERRULED**. The remainder of Plaintiff's

objections are also **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants Strength, Johnson, C.M.S. and Turner, as well as Plaintiff's claims of deliberate indifference to his safety, the general conditions of confinement, and discrimination, are **DISMISSED** from the case.

SO ORDERED this 18th day of December, 2008, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

3